IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01926-RM-NYW

JORDAN ALBRANDT,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant's Motion to Restrict (the "Motion to Restrict" or "Motion") [Doc. 40, filed June 23, 2021]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated July 29, 2020 [Doc. 13], and the Memorandum dated June 25, 2021 [Doc. 41].

    As this court has previously expressed, "'[c]ourts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

    In exercising that discretion, the court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617

F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient; as is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826-27; *see also* D.C.COLO.LCivR 7.2 (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction). But a party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); or private or personally identifiable information, Fed. R. Civ. P. 5.2, or otherwise invade privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).

These principles are reflected in D.C.COLO.LCivR 7.2(a). Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate; and (5) identify the level of restriction sought. D.C.COLO.LCivR 7.2(c)(1)-(5).

Here, Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant") seeks Level 1 Restriction of an exhibit filed in support of its Response to Defendant's Motion for Partial Summary Judgment, docketed at [Doc. 28-2]. *See generally* [Doc. 40]. State Farm describes this exhibit as "a nine-page excerpt from the outline of a 2002 First Party Coverage training seminar for State Farm employees" (the "Seminar Materials"). [*Id.* at 1]. In addition, State Farm seeks "partial restricted access" to Plaintiff's Statement of Undisputed Material Facts, *see* [Doc. 27 at 3-4], and Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, *see* [Doc. 26 at 7], "to the extent the filings quote from [the Seminar Materials]." [Doc. 40 at 4]. Finally, State Farm also seeks "partial restricted access" "to the extent [the Seminar Materials were] addressed in State Farm's Reply in Support of [its] Motion for Partial Summary Judgment," *see* [Doc. 34 at 3], and in State Farm's Reply Separate Statement of Undisputed Material Facts, *see* [Doc. 35 at 4-5]. [Doc. 40 at 4].

In support of its Motion to Restrict, State Farm asserts that the Seminar Materials "contain[] confidential and proprietary information that relate[] to State Farm's internal business practices" and argues that the Seminar Materials are "not relevant to any of the claims and defenses in this case." [*Id.* at 2]. In addition, State Farm asserts that it "considers [the Seminar Materials] proprietary information and trade secrets," and thus it has a legitimate interest in protecting the disclosure of this information to the public, an interest which outweighs the presumption of public access to court filings. [*Id.* at 5-6]. For these reasons, State Farm asserts that restriction of the Seminar Materials is warranted. *See generally* [*id.*].

Plaintiff Jordan Albrandt ("Mr. Albrandt" or "Plaintiff") opposes the Motion. *See generally* [Doc. 47]. Mr. Albrant argues that State Farm has failed to demonstrate why its interests outweigh the presumption of public access and has failed to "define a serious injury that would

2

result if access were not restricted." [*Id.* at 1-2]. Moreover, Mr. Albrandt contends that the Seminar Materials are "not confidential" and have "been available to the public for more than a decade." [*Id.* at 2]. For these reasons, Mr. Albrandt opposes restriction of these documents. *See generally* [*id.*].

Being fully advised in the premises, the court turns to the Parties' arguments and considers whether State Farm has met its burden of demonstrating that restriction is warranted under D.C.COLO.LCivR 7.2(c). The court first addresses restriction of the Seminar Materials before discussing whether restriction of the remaining documents is warranted.

***Seminar Materials***. Defendant asserts that the Seminar Materials [Doc. 28-2] must be restricted because they contain State Farm's trade secrets. [Doc. 40 at 5]. Although State Farm acknowledges that these materials have been made public in other cases, it asserts that public disclosure "will cause further damage to State Farm by essentially re-publishing this information and making it more easily accessible, thereby increasing public awareness of this document and restricting State Farm's ability to argue that this document is confidential in future cases." [*Id.*]. This court does not pass on the question of whether State Farm's Seminar Materials constitute trade secrets, as such a question is not before the court and is not relevant to the claims at issue in this case. *See Ortez v. United Parcel Serv., Inc.*, No. 17-cv-01202-CMA-SKC, 2018 WL 11237901, at *2 (D. Colo. Oct. 29, 2018) (noting that Rule 26 affords protection for confidential information even if it does not constitute a trade secret). However, the court simply notes that the Seminar Materials, as State Farm concedes, have been made public in several other cases despite State Farm's attempts to restrict the materials, *see* [Doc. 47-1; Doc. 47-2], including a recent case in this District. *See* [Doc. 47-3]; *see also McKinney v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-01651-CMA-KLM, [ECF No. 77].[1] In addition, State Farm indicates that these materials are copyrighted [Doc.40 at 6; Doc. 28-2], but such intellectual property protection, and State Farm's attendant warnings indicating "All Rights Reserved" does not bear upon whether the material contained therein is confidential, proprietary, or appropriate for restriction from the public record as there is no requirement for copyrighted material to be restricted from the public domain. Indeed, this weighs against finding that restriction is warranted here. *See Deschenes Consulting LLC v. Nu Life Mkt. LLC*, No. 19-cv-03465-RM-SKC, 2020 WL 2747702, at *4 (D. Colo. May 27, 2020) ("Matters already made public will not be sealed after the fact absent extraordinary circumstances.") (quotation omitted); *cf. Cherry Creek Mortg. Co. v. Jarboe*, No. 18-cv-00462-KLM, 2019 WL 10060388, at *2 (D. Colo. Feb. 27, 2019) (noting that, although the plaintiff asserted that "much" of a branch manager agreement constituted trade secrets, parts of the agreement were already public, and "ha[d] been for quite some time," and concluding that the agreement should be redacted rather than restricted).

In addition, the court cannot conclude that State Farm has sufficiently identified a "clearly defined and serious injury that would result if access is not restricted." D.C.COLO.LCivR 7.2(c)(3). State Farm asserts that it will be harmed if the Seminar Materials are disclosed because the training materials "contain information about State Farm's internal operations that could conceivably be used by competitors in many different ways to gain an advantage in the industry that would work toward impacting State Farm's competitive advantage." [Doc. 40 at 7]. But such

---

[1] Where the court refers to filings in other actions, it uses the convention [ECF __].

3

a speculative, vague assertion, without any identification of a *real*, *concrete* harm that *will* result absent restriction, does not pass Local Rule 7.2(c) muster. *See Den 8888, LLC v. Navajo Express, Inc.*, No. 21-cv-00321-STV, 2021 WL 463623, at *2 (D. Colo. Feb. 9, 2021) (finding that "vague and conclusory" assertions of a potential injury were insufficient to overcome the presumption of public access); *see also Tapest v. PS Camping, Inc.*, No. 16-cv-01340-MSK-CBS, 2016 WL 11713385, at *5 (D. Colo. Oct. 25, 2016) (denying motion to restrict where the "claimed risk of harm from public disclosure of its financial information is generalized and speculative"); *McKinney*, No. 20-cv-01651-CMA-KLM, [ECF 77 at 9-10 ("While State Farm argues that its competitors *could* use the Seminar Materials to its disadvantage, it has identified no specific harm that could result not has it shown *how* this harm would occur.") (emphases in original)].[2] Indeed, as State Farm concedes, this information has already been made public in several instances; however, State Farm does not assert that it has been injured by such disclosure so as to demonstrate that restriction is necessary in this case. *See generally* [Doc. 40]. For these reasons, the court concludes that restriction of the Seminar Materials is not appropriate under Local Rule 7.2(c). As a result, the court will **DENY** the Motion to Restrict insofar as it seeks restriction of [Doc. 28-2].

***Remaining Documents***. In addition to the Seminar Materials, Defendant seeks restriction of four separate documents which reference and/or quote the Seminar Materials. *See* [Doc. 40 at 4 (seeking restriction of [Doc. 26; Doc. 27; Doc. 34; Doc. 35])]. Though not entirely clear, this court interprets this request as requesting that the court redact from the filings references and/or quotes from the Seminar Materials, allowing the remainder of the documents to be on the public docket. Because the court has already concluded that restriction of the Seminar Materials is not warranted, the court cannot conclude that documents quoting or referencing such materials must be restricted.[3] Thus, this court also **DENIES** restriction as to [Doc. 26; Doc. 27; Doc. 34; and Doc. 35].

***Other Concerns.*** This court briefly addresses State Farm's assertion that Plaintiff's counsel's law firm "appears to be involved in a concerted effort to publicly file [the Seminar Materials], which have no relevance to the usual claims or defenses in a first-party personal injury lawsuit, in cases against State Farm and other insurers" and that "Plaintiff's counsel's apparent goal, in this case and in the others in which the [S]eminar [M]aterials have been publicly filed, is to deprive State Farm of its right to protect its private information." [Doc. 40 at 11]. According to State Farm, this "is evidence of the harm that State Farm will continue to experience if the Court does not intervene by restricting access to these confidential documents." [*Id.*]. The court is respectfully not persuaded by this argument. First, this document has been made public in several other cases, including a recent case in this District. Second, as set forth above, State Farm has failed to identify a concrete injury that it has suffered or will suffer absent restriction; thus, the court cannot conclude that "State Farm *will continue* to experience [harm]" absent restriction particularly in light of the disclosure of the identical document in other cases. With this said, the

---

[2] In *McKinney*, State Farm filed an objection to the order denying its motion to restrict. *See* No. 20-cv-01651-CMA-STV, [ECF 78]. As of the date of this Minute Order, the presiding judge has not yet ruled on this objection.

[3] In addition, this court respectfully reminds the Parties that to the extent redactions are appropriate, it is incumbent upon the Party seeking redaction to file such proposed redacted documents, as it is not the court's responsibility to create such a redacted document on behalf of the Parties.

court reminds all counsel in this case to be mindful of their professional obligations under the Federal Rules, the Local Rules of Practice, and the Local Rules of Attorney Conduct.

Finally, the court notes that State Farm's argument that its own filings need to be restricted is inconsistent with the fact that State Farm itself filed those documents without restriction on the public docket. *See* [Doc. 34; Doc. 35].[4] Indeed, these documents have remained unrestricted for four months. Because State Farm filed these documents on the public docket, the court is unpersuaded by State Farm's argument that these documents must be restricted. *Gunn v. WCA Logistics, LLC*, No. 13-cv-02197-WJM-MEH, 2016 WL 7868827, at *1 (D. Colo. Jan. 12, 2016) ("Because Defendants failed to avail themselves of the protections provided by the District's local rules in filing Exhibit N, any claim to confidentiality has been waived.").

Accordingly, **IT IS ORDERED** that:

(1) Defendant's Motion to Restrict [Doc. 40] is **DENIED**; and

(2) The Clerk of Court is **DIRECTED** to **UNRESTRICT** [Doc. 26; Doc. 27; Doc. 28-2].

DATED: September 23, 2021

---

[4] On June 25, 2021, this court ordered the Clerk of Court to temporarily restrict [Doc. 26; Doc. 27; Doc. 28-2] pending its determination of the Motion to Restrict. [Doc. 43]. However, these documents were filed by Plaintiff, and thus, Defendant did not have the ability to file these documents under restriction. Because Defendant itself filed [Doc. 34; Doc. 35] on the public docket, Defendant could have filed these documents under restriction or in redacted form. *See* D.C.COLO.LCivR 7.2(e) ("A document subject to a motion to restrict *shall* be filed as a restricted document and shall be subject to restriction until the motion is determined by the court.") (emphasis added).