IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01926-RM-NYW

JORDAN ALBRANDT,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

    This insurance lawsuit is before the Court on Defendant's Motion for Partial Summary Judgment (ECF No. 24), seeking judgment in its favor on Plaintiff's statutory and common law bad faith claims. Plaintiff has filed a Response to the Motion (ECF No. 26), and Defendant has filed a Reply (ECF No. 34). The Court grants the Motion for the reasons below.

**I.    LEGAL STANDARD**

    Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

## II.   BACKGROUND

In September 2017, Plaintiff was injured in a car accident and made a claim for uninsured motorist benefits with Defendant, his insurer. (ECF No. 35, ¶¶ 1, 3.) Although Plaintiff submitted $44,356.71 in medical bills, Defendant evaluated Plaintiff's economic damages to be $18,295.75 (for medical bills and mileage) and issued payment in that amount in December 2019. (*Id.* at ¶¶ 4, 11, 24.) Plaintiff filed this lawsuit in June 2020, asserting claims for breach of contract, violation of Colo. Rev. Stat. § 10-3-1116, and common law bad faith. In March 2021, Defendant issued an additional payment for noneconomic damages of $5,000. (*Id.* at ¶ 12.) Defendant then moved for partial summary judgment on the statutory and bad faith claims.

## III.   ANALYSIS

Defendant argues there is no evidence of any unreasonable conduct on its part, a necessary element of both Plaintiff's statutory and bad faith claims. In his Response, Plaintiff

contends a jury could reasonably find that Defendant acted unreasonably by "fail[ing] to accept almost 2/3 of [his] medical treatment" and by waiting "over 275 days after suit was filed" to issue the $5,000 payment for his noneconomic damages. (ECF No. 26 at 2.)

Colorado law prohibits an insurer from withholding payment of *undisputed* covered benefits. *State Farm Auto. Ins. Co. v. Fisher*, 2018 CO 39, at ¶ 24. Conversely, an insurer is not prohibited from withholding payment of disputed benefits, so long as it does not do so without a reasonable basis. Here, the mere fact that Defendant declined to reimburse Plaintiff for the full amount of the bills he submitted does not establish that it acted unreasonably. Plaintiff has adduced no other evidence to support his argument that Defendant acted unreasonably by disputing a portion of the medical bills he submitted. Therefore, there is no genuine issue of material fact as to whether Defendant acted unreasonably by refusing to pay the full cost of his medical treatment.

Nor has Plaintiff adduced evidence that Defendant acted unreasonably by not issuing a payment for noneconomic damages sooner than it did in this case. Because noneconomic damages are subjective and not susceptible to a precise evaluation, an insured is not entitled to a sum certain, and these types of damages will rarely be undisputed. *See Nyborg v. State Farm Mut. Auto Ins. Co.*, No. 20-cv-01918-RM-KLM, 2021 WL 1115936, at *2 (D. Colo. Mar. 3, 2021). To the extent Plaintiff's noneconomic damages were (and continue to be) disputed, Defendant was not prohibited from withholding payment. Moreover, Colorado law prohibits the conclusion that an insurer's initial settlement offer represents an admission that the amount of the offer is the amount of benefits owed. *Fisher v. State Farm Auto. Ins. Co.*, 2015 COA 57, ¶ 15. In other words, noneconomic damages are not rendered "undisputed" by an insurer's settlement

offer or its internal assessment of the value of a particular claim. Plaintiff cites no authority to the contrary, and this Court has rejected similar arguments on the grounds that such a rule would be both impractical, due to the subjective nature of noneconomic damages, and imprudent, because it would discourage settlement. *See Nyborg*, 2021 WL 1115936, at *2. Thus, Defendant's $5,000 payment for noneconomic damages in March 2021 does not raise a genuine issue of material fact as to whether it acted unreasonably.

The absence of evidence that Defendant acted unreasonably is fatal to both Plaintiff's statutory and bad faith claims. Where, as here, the defendant carries its initial burden of showing a lack of evidence, the burden shifts to the plaintiff to put forth sufficient evidence for each essential element of his claims such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248. Plaintiff has failed to present specific facts showing there is a genuine issue for trial on these claims.

### IV.    CONCLUSION

Accordingly, Defendant is entitled to judgment in its favor on Plaintiff's statutory and bad faith claims, and the Court GRANTS Defendant's Motion for Partial Summary Judgment (ECF No. 24).

DATED this 4th day of November, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge